UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Scotty White**, <br><br> Plaintiff, <br><br> v. <br><br> **Metro Cleveland Security Inc.**, an Ohio corporation, and **Taras Zacharyj**, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Scotty White ("Plaintiff"), sues the Defendants, Metro Cleveland Security Inc. and Taras Zacharyj ("Defendants"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111; and ORC § 4113 for Defendants' failure to pay Plaintiff all earned minimum wages, all overtime wages, and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111 establishes the law regarding minimum wage and overtime within the State of Ohio.

4. ORC § 4113 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Lorain County, Ohio and is a former employee of Defendants.

8. At all material times, Defendant Metro Cleveland Security Inc. is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Metro Cleveland Security Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Lorain County, Ohio. At all material times, Defendant Metro Cleveland Security Inc. owns and operates as "Metro Cleveland Security."

9.     Defendant Metro Cleveland Security Inc. is an Ohio corporation, authorized to do business in the State of Ohio and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.    Under the FLSA, Defendant Metro Cleveland Security Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Metro Cleveland Security Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Metro Cleveland Security Inc. is subject to liability under the FLSA.

11.    Defendant Taras Zacharyj is an owner of Defendant Metro Cleveland Security Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d). Defendant Taras Zacharyj has caused events to take place giving rise to the claims in this Complaint.

12.    Under the FLSA, Defendant Taras Zacharyj is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Taras Zacharyj is an owner of Defendant Metro Cleveland Security Inc. At all relevant times, Taras Zacharyj had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Taras Zacharyj is subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq.*

20. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq.*

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

26. Plaintiff, in his work for Defendants, regularly communicated with individuals using the telephone and other instruments of interstate commerce.

## NATURE OF THE CLAIM

27. Defendants own and/or operate as Metro Cleveland Security, an enterprise located in Cuyahoga County, Ohio.

28. Plaintiff was hired by Defendants in approximately October 2022 and worked for Defendants through approximately January 5, 2023.

29. Defendants hired Plaintiff to work as a security guard.

30. Defendants, in their sole discretion, agreed to pay Plaintiff $17 per hour.

31. Plaintiff, in his work for Defendants, was compensated at $17 per hour, regardless of the number of hours he worked in a given workweek.

32. Plaintiff, in his work for Defendants, was compensated at $17 per hour, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

33. During Plaintiff's employment with Defendants, he worked approximately 50 hours per week.

34. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

35. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

36. Defendants controlled Plaintiff's schedules.

37. In his work for Defendants, Plaintiff used equipment owned by Defendants.

38. At all relevant times, Plaintiff was economically dependent on Defendants.

39. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime to Plaintiff;

    c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    d. Defendants required Plaintiff to wear a uniform;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    g. Plaintiff was hired as a permanent employee, generally working in excess of 40 hours per week for more than three months;

    h. Plaintiff had no right to refuse work assigned to him by Defendants;

    i. On information and belief, Defendants did not allow Plaintiff to work for other construction companies.

40. Plaintiff worked for Defendants until approximately January 5, 2023.

41. During Plaintiff's employment with Defendants, Plaintiff typically worked approximately 50 hours or more per week.

42. Defendants paid Plaintiff no wages whatsoever for the final two workweeks of his employment.

43. During that time period, Plaintiff worked approximately 100 hours total for Defendants.

44. The approximately 100 hours that Plaintiff worked during his final two workweeks included approximately 20 hours of overtime that Defendants did not pay to Plaintiff.

45. Indeed, Defendants never paid Plaintiff an overtime premium for time he spent working in excess of 40 hours in a given workweek for the entire duration of his employment with Defendants.

46. Plaintiff should have been compensated for such hours but never was.

47. To date, Defendants still have not compensated Plaintiff for the hours he worked in his final two workweeks of employment with Defendants.

48. To date, Defendants still have not compensated Plaintiff for any of the overtime hours he worked for them.

49. As a result of not having paid any wage whatsoever to Plaintiff for the final two workweeks of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

50. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

51. As a result of Defendants' failure to pay Plaintiff an overtime premium for time he spent working in excess of 40 hours in a given workweek for the entire duration of his employment with Defendants, Defendants have violated 29 U.S.C. § 207(a).

52. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

53. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

54. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his final two workweeks.

55. Defendants have and continue to violate the FLSA by not paying Plaintiff an overtime premium for time spent working in excess of 40 hours in a given workweek.

56. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his final two workweeks.

57. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all time worked during his final two workweeks.

58. Plaintiff is a covered employee within the meaning of the FLSA.

59. Plaintiff is a covered employee within the meaning of ORC § 4111.

60. Plaintiff is a covered employee within the meaning of ORC § 4113.

61. Plaintiff was a non-exempt employee.

62. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

63. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under ORC § 4111 and §34(a) of Article II of the Ohio Constitution.

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

69. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

70. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

71. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

72. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

73. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

74. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Scotty White, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid overtime wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

77. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

78. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Scotty White, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

81. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

82. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Scotty White, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: OHIO REVISED CODE § 4113
## FAILURE TO PAY WAGES OWED

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the time that Plaintiff worked for them during the final two workweeks of his employment.

85. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

86. Plaintiff is therefore entitled to compensation for his full applicable wage rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Scotty White, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th Day of January, 2023.

> BENDAU & BENDAU PLLC
>
> By: /s/ *Clifford P. Bendau, II*
> Clifford P. Bendau, II (OH No. 0089601)
> Christopher J. Bendau
> BENDAU & BENDAU PLLC
> P.O. Box 97066
> Phoenix, Arizona 85060
> Telephone AZ: (480) 382-5176
> Email: cliffordbendau@bendaulaw.com
>        chris@bendaulaw.com

## VERIFICATION

Plaintiff, Scotty White, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

*scotty white*
scotty white (Jan 18, 2023 15:23 EST)
Scotty White